Michele D. Johnson (Bar No. 198298)
  Michele.Johnson@LW.com
**LATHAM & WATKINS LLP**
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

Michael A. Morin (*PHV to be filed*)
  Michael.Morin@LW.com
Kevin C. Wheeler (Bar No. 261177)
  Kevin.Wheeler@LW.com
Joelle P. Justus (Bar No. 275244)
  Joelle.Justus@LW.com
**LATHAM & WATKINS LLP**
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Telephone: +1.202.637.2200
Facsimile: +1.202.637.2201

Attorneys for Plaintiffs Guy A. Shaked
Investments Ltd and Dafni Hair Products,
Ltd.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS LTD. AND DAFNI HAIR PRODUCTS, LTD.<br><br>Plaintiffs,<br><br>v.<br><br>TRADE BOX, LLC D/B/A INSTYLER,<br><br>Defendant. | Case No. 2:19-cv-10593<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Guy A. Shaked Investments Ltd. and Dafni Hair Products, Ltd. ("Dafni" or "Plaintiffs") file this Complaint for patent infringement against Defendant Trade Box, LLC, which does business in California as Instyler ("Instyler" or "Defendant"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      As an engineering student at Tel Aviv University in 2012, then-24-year-old Sharon Rabi conducted an experiment that would change her life in ways she could never have expected: she cut her thick, curly hair *very* short.  She bought two straightening irons to help tame her new hairdo, but naturally curly hair combined with the humidity in Israel meant she had to wake up twenty minutes earlier each day.  Sharon thought there must be an easier way for women to tackle uncooperative tresses.

2.      Sharon talked to her father Kobi Guy, also an engineer, and they put their heads together to develop an alternative to the traditional flat iron.  What they thought would be a six-month project required five prototypes and years of trial and error before the product was ready.  In September 2015, Sharon posted a video on YouTube in which she straightened her (now long) hair with the straightening brush she and her father had created, called the "DAFNI" brush.[1]



1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



3.     A radio station in Texas shared the video on Facebook, and according to media coverage it soon garnered over 88 million views across different platforms,[2] and has more than 120 million views so far.[3]   For Sharon, the overwhelming response to the video was validation of the effort she put in to developing the DAFNI brush.   Forbes Israel recognized Sharon as a top 30 Under 30 Entrepreneur, and *Good Housekeeping* Beauty Lab Awards named the DAFNI brush as the best "Hot Stylin' Tool."[4]

4.     Sharon Rabi was driven to find a way to help women who do not have time to spare straightening their hair each morning.   As a mother of two, Sharon knew that every minute counts.   Able to straighten her own hair in under three minutes with the DAFNI brush, Sharon was eager to share her invention with people across the world.   American women on average spend 17 minutes a day on "everyday hairstyles," using two products and three styling tools.[5]   And a majority of women complain that styling their hair takes too long.[6]   The DAFNI brush had the potential to reduce the amount of time (and the number of tools) it takes for these women to a fraction of what it took before.

---

[2] Megan Willett, *We Tried the brush that can straighten curly hair in minutes – and loved it*, Business Insider (Apr. 28, 2016), *available at* https://www.businessinsider.com/dafni-brush-review-2016-4 (last accessed Dec. 15, 2019).

[3] Harriet Pudney, *Secrets of a mum and beauty entrepreneur: Sharon Rabi, inventor of the Dafni brush* (Aug. 3, 2016), *available at* https://www.stuff.co.nz/life-style/beauty/82461939/secrets-of-a-mum-and-beauty-entrepeneur-sharon-rabi-inventor-of-the-dafni-brush (last accessed Dec. 15, 2019).

[4] *Under 30 Founders Share Their Best Advice to Starting Up*, *available at* https://www.forbes.com/sites/under30network/2016/06/01/under-30-founders-share-their-best-advice-for-starting-up/#3df50723ff2f (last accessed Dec. 15, 2019); *DAFNI, The Original Ceramic Hair Straightening Brush, Wins Prestigious Good Housekeeping Beauty Lab Award*, PR News Wire (July 25, 2017), *available at* https://www.prnewswire.com/news-releases/dafni-the-original-ceramic-hair-straightening-brush-wins-prestigious-good-housekeeping-beauty-lab-award-300493338.html (last accessed Dec. 15, 2019).

[5] *See* Laura Norkin, *Splitting Hairs*, InStyle Magazine (Aug. 6, 2018), available at https://www.instyle.com/beauty/splitting-hairs-survey-american-women-and-hair (last accessed Dec. 15, 2019).

[6] *Id.*

5.    Millions of women can relate to Sharon Rabi's experience with a haircut in need of assistance.  For many, hair products and tools are not a luxury, but a necessity, given the powerful role hair plays in self-identity.  In a 2018 survey of 1,463 women across the United States, 58 percent of women said their hair was a "big part of their self-expression," and 81 percent feel most confident when their hair looks great.[7]  Sharon used her engineering knowledge and innovative thinking to create a new way for women to feel confident in their appearance.

6.    For decades, women have used flat irons in order to tame frizz (the most common hair complaint)[8] and achieve sleek looks.  Companies have made minor adjustments to flat irons over the years, but the fundamental design remained the same: two heated plates on hinged arms.  The DAFNI brush was a fundamental shift in how heat is applied to the hair, achieving the same effect as the traditional iron in a fraction of the time.  The DAFNI brush was so state-of-the-art that knock-off products came to market soon after.  The copycats not only sought to profit from Dafni's patent-protected technology and design, but also by flooding the market with knock-off brushes often made with cheaper materials, they poisoned the market and restricted Dafni's ability to reach consumers.  Dafni brings this suit hoping to rectify the damage caused by infringers like Instyler that continue to profit from Sharon's and the Dafni family team's hard work and innovation.

**NATURE OF THE ACTION**

7.    This is an action under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, for infringement by Instyler of certain claims of U.S. Patents No. D817,007, D842,539, 9,578,943, 9,591,906, and 9,877,562 (collectively, the "Patents-in-Suit.").

---

[7] *Id.*

[8] *Id.*

**THE PARTIES**

8.      Plaintiff Guy A. Shaked Investments Ltd. is a corporation duly organized and existing under the laws of Israel, having its principal place of business at 20, Lincoln St., Rubinstein Bldg. 15th floor, Tel-Aviv, Israel.

9.      Guy A. Shaked Investments Ltd. is the assignee and owner of the Patents-in-Suit.

10.     Plaintiff Dafni Hair Products, Ltd. is a corporation duly organized and existing under the laws of Israel, having its principal place of business at 10 Zarchin Street, Raanana, Israel.

11.     Dafni is the exclusive licensee of the Patents-in-Suit.

12.     On information and belief, Defendant Trade Box, LLC is a corporation duly organized and existing under the laws of California, having its principal place of business at 11812 San Vicente Boulevard, 4th Floor, Los Angeles, California, and with a registered agent at the same address.  On information and belief, Trade Box does business in California and in this District as Instyler.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.     The Court has personal jurisdiction over Instyler because, among other things, upon information and belief: (i) Instyler has its principal place of business in Los Angeles, California; (ii) Instyler has done and continues to do business in California; and (iii) Instyler has committed and continues to commit acts of patent infringement in the State of California, including by making, using, offering for sale, and/or selling accused products in this District, and/or inducing others to commit acts of patent infringement in this District.

15.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, among other things, on information and belief: (i) Instyler has its principal place of business in Los Angeles, California; (ii) Instyler

1  has done and continues to do business in California; and (iii) Instyler has committed
2  and continues to commit acts of patent infringement in the State of California,
3  including by making, using, offering for sale, and/or selling accused products and
4  services in this District, and/or inducing others to commit acts of patent infringement
5  in this District.

6  **INVENTION OF THE DAFNI BRUSH**

7      16.    For nearly a century, there was very little innovation in hair
8  straightening technology.  The primary option for men and women alike was to
9  sandwich hair between two heated plates and literally iron the hair straight.  Over
10 time, the types of metal and temperature controls for flat irons may have changed,
11 but all use the same principle that is inconvenient, unhealthy for hair, and time-
12 consuming.

13     17.    In 2012, 24-year-old Sharon Rabi suffered an unfortunate haircut,
14 leaving her thick, curly hair too short and nearly unmanageable.  Her only option
15 seemed to be using traditional straightening irons using high temperatures to tame
16 her hair into place, an arduous task in humid Israel.  She tried two different
17 straightening irons, but was frustrated at having to wake up early to style shorter
18 hair.

19     18.    An engineering student at Tel Aviv University, Sharon decided there
20 must be a better option.  Together with her father Kobi Guy, a senior engineer,
21 Sharon spent several years designing, testing, and perfecting a styling tool with the
22 ease of use of a hair brush and more straightening power than a flat iron.  The end
23 result was a new type of hair styling tool, a ceramic heated straightening brush,
24 named the "DAFNI" brush, in honor of Sharon's sister.

25     19.    Developing an effective styling brush proved far more difficult than
26 Sharon and Kobi imagined when undertaking the project.  What they thought might
27 be a six month project took several years and multiple prototypes to develop the final
28

product.  The inventors faced—and ultimately overcame—a number of design and engineering challenges.

20.    For example, the device needed to provide sufficient heat to hair strands to straighten them, while not damaging the hair during repeated use, a common issue with traditional straighteners.  Three-dimensional heated elements protruding from a heated plate on the face of the brush allowed more contact between heated surfaces and the hair.  This design allows for a lower operating temperature, causing less damage to the user's hair.

21.    Moreover, the increased heated surface area reduces the amount of time it takes to style the user's hair.  To be effective, traditional flat irons require the user to portion hair into small sections, and run each section through the plates.  By contrast, with the DAFNI brush the user can run larger sections of hair at one time. This both reduces the overall time required to achieve the desired look, and reduces the hassle of using clips and other accessories to portion hair before straightening.

22.    However, even with lower temperatures, the inventors needed to ensure the user's hand and scalp would not touch the heated elements while using the device.  Stiff bristles around the heated surface protect the user's hand from accidental burns, while also straightening and detangling hair.  Likewise, heat-insulating springing bristles on top of the protruding heating elements protect the user's scalp from accidental contact with heated elements, while at the same time allowing the heating elements to come into close enough contact with hair along the scalp to enable effective styling.

23.    The aesthetic design of the final product was equally important to the inventors.  They invested significant time and resources in developing the overall look and feel of the brush, ensuring it was sleek and stylish, with a "futuristic" feel reflective of the innovative technology at work.  The device needed to be recognizable as a hair styling tool, but distinct from traditional brushes with numerous flexible bristles.

24.    In September 2015, Sharon revealed the brush to the world with a YouTube video that has been reported to have been viewed more than 120 million times.  The original DAFNI brush went on sale later in 2015.  Dafni has since developed a smaller version with detachable cord called the DAFNI go, and rechargeable cordless version, the DAFNI Allure.



DAFNI Original          DAFNI go          DAFNI Allure

25.    Sharon's husband, Kobi Rabi, a former fighter pilot in the Israeli military, is the current Chief Executive Officer of Dafni.

26.    Despite being a revolutionary invention in the field of hair straightening, Dafni has struggled as the company attempts to compete with copycats popping up around the world, disregarding Dafni's intellectual property rights, undercutting Dafni on price, and in many cases undermining the brand's growth potential by manufacturing and selling lower quality brushes.

**PATENTS-IN-SUIT**

27.    Dafni has obtained two design patents and three utility patents for its brushes in the United States.

28.    On May 8, 2018, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent D817,007 (the "D'007 Patent"), entitled

"Hair Straightening Brush."  A true and correct copy of the D'007 Patent is attached hereto as Exhibit A.

29.    On March 5, 2019, the United States Patent and Trademark Office duly and lawfully issued U.S. Design Patent D842,539 (the "D'539 Patent"), entitled "Hair Straightening Brush."  A true and correct copy of the D'539 Patent is attached hereto as Exhibit B.

30.    On February 28, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,578,943 (the "'943 Patent"), entitled "Hair Straightening Brush."  A true and correct copy of the '943 Patent is attached hereto as Exhibit C.

31.    On March 14, 2017, the United States Patent and Trademark Office duly and lawfully issued U.S. Patent No. 9,591,906 (the "'906 Patent"), entitled "Hair Straightening Brush."  A true and correct copy of the '906 Patent is attached hereto as Exhibit D.

32.    On January 30, 2018, the United States Patent and Trademark office duly and lawfully issued U.S. Patent No. 9,877,562 (the "'562 Patent"), entitled "Hair Straightening Brush."  A true and correct copy of the '562 Patent is attached hereto as Exhibit E.

**DEFENDANT AND THE ACCUSED PRODUCTS**

33.    Not long after the DAFNI brush took the internet by storm, the copycats began to appear, including from Instyler.  On information and belief, since 2016 Instyler has sold the "STRAIGHT UP" ceramic straightening brush, and since 2017 has sold the "GLOSSIE" ceramic straightening brush, both of which copy the look, feel, and straightening technology developed by the daughter/father inventors over the course of several years:



34.    Instyler has since begun selling the STRAIGHT UP mini ceramic brush, similar to the DAFNI go:



35.    On information and belief, Instyler sells its STRAIGHT UP and GLOSSIE straightening brushes directly through its website, as well as through major beauty and consumer retailers including ULTA Beauty, Sally Beauty, Kohl's, and Target.

**NOTICE OF INFRINGEMENT**

36.    On information and belief, in March and June 2016 Instyler sought to license Dafni's forthcoming intellectual property covering its brushes.

37.    Instyler has been on notice of its infringement of Plaintiffs' patents since at least March 24, 2017, at which time Dafni, provided detailed infringement allegations against the Instyler STRAIGHT UP brush.

38.     Instyler has infringed and continues to willfully infringe the Patents-In-Suit Suit selling infringing products including the STRAIGHT UP, STRAIGHT UP mini, and GLOSSIE ceramic brushes since learning of the Patents-in-Suit and the specific infringement allegations against the accused products in March 2017.

**FIRST CAUSE OF ACTION**

**(INFRINGEMENT OF THE D'007 PATENT)**

39.     Plaintiffs incorporate by reference Paragraphs 1-38 as if fully set forth herein.

40.     Plaintiffs have valid and protectable rights in the D'007 Patent.

41.     Instyler's manufacturing, importation, marketing, and sale of the STRAIGHT UP, STRAIGHT UP mini, and GLOSSIE brushes infringe the D'007 patent.

42.     Instyler's infringement of the D'007 Patent is willful because it was done with knowledge of Plaintiffs' patent while also knowing that its conduct was infringement.

43.     Dafni Hair Products loses sales for each of the accused brushes that is sold.  But for the availability of accused products, a customer would purchase a DAFNI brush.  Plaintiffs therefor seek recovery of all lost profits associated with the sale of accused brushes.

44.     Alternatively, Plaintiffs seek to recover all of Instyler's profits on the infringing goods under 35 U.S.C. § 289, or a reasonable royalty.

45.     Plaintiffs seek treble damages for willful infringement, as well as recovery of their attorney's fees.

**SECOND CAUSE OF ACTION**

**(INFRINGEMENT OF THE D'539 PATENT)**

46.     Plaintiffs incorporate by reference Paragraphs 1-45 as if fully set forth herein.

47.     Plaintiffs have valid and protectable rights in the D'539 Patent.

48.     Instyler's manufacturing, importation, marketing, and sale of the STRAIGHT UP mini brush infringe the D'539 patent.

49.     Instyler's infringement of the D'539 Patent is willful because it was done with knowledge of Plaintiffs' patent while also knowing that its conduct was infringement.

50.     Dafni Hair Products loses sales for each of the accused brushes that is sold.  But for the availability of accused products, a customer would purchase a DAFNI brush.  Plaintiffs therefor seek recovery of all lost profits associated with the sale of accused brushes.

51.     Alternatively, Plaintiffs seek to recover all of Instyler's profits on the infringing goods under 35 U.S.C. § 289, or a reasonable royalty.

52.     Plaintiffs seek treble damages for willful infringement, as well as recovery of their attorney's fees.

**THIRD CAUSE OF ACTION**

**(INFRINGEMENT OF THE '943 PATENT)**

53.     Plaintiffs incorporate by reference Paragraphs 1-52 as if fully set forth herein.

54.     The '943 Patent generally relates to a brush with protruding heating elements and spacers to maintain distance between the heating elements and the user's skin.  The asserted claims of the '943 Patent are generally directed to a hairbrush with a heating plate extending over the fact of the brush; a plurality of heating elements thermally coupled to and protruding from the heating plate, organized in rows along the length of the brush; heating elements offset in from adjacent rows, and heat insulating spacers around the hair treating portion of the brush, and providing space between the user's scalp and the heating elements.

55.     Instyler infringes the '943 Patent by making, selling, and/or offering for sale in the United States, and/or importing into the United States, ceramic brushes that meet the elements of the asserted claims.  By way of non-limiting example, the

Instyler STRAIGHT UP, STRAIGHT UP mini, and GLOSSIE brushes practices the invention of claim 1 because it is a brush with a heating place on the face of the brush with multiple heating elements thermally coupled to and protruding from the plate. The rows of heating elements on the STRAIGHT UP, STRAIGHT UP mini, and GLOSSIE brushes are arranged in lengthwise, offset rows, surrounding by heat-insulating bristles. Each heating protruding heating element also has a heat insulating spacer projecting outwardly from the heating element.

56. Instyler has infringed at least claims 1-4, 8, 9, 11, 12, and 15-21 of the '943 Patent, pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the STRAIGHT UP and STRAIGHT UP mini brushes. Upon information and belief, Instyler's infringement is ongoing.

57. Instyler's infringement of the '943 Patent is willful because it was done with knowledge of Plaintiffs' patent while also knowing that its conduct was infringement.

58. Dafni Hair Products loses sales for each of the accused brushes that is sold. But for the availability of accused products, a customer would purchase a DAFNI brush. Plaintiffs therefor seek recovery of all lost profits associated with the sale of accused brushes.

59. Alternatively, Plaintiffs seek to recover all of Instyler's profits on the infringing goods under 35 U.S.C. § 289, or a reasonable royalty.

60. Plaintiffs seek treble damages for willful infringement, as well as recovery of their attorney's fees.

**FOURTH CAUSE OF ACTION**

**(INFRINGEMENT OF THE '906 PATENT)**

61. Plaintiffs incorporate by reference Paragraphs 1-60 as if fully set forth herein.

62.    The '906 Patent generally relates to a brush with protruding heating elements and spacers to maintain distance between the heating elements and the user's skin.   The asserted claim of the '906 Patent is directed to a method of manufacturing a brush, comprising arranging spacers protruding from the face of the brush to maintain a distance between the heating elements and the user's scalp, additional spacers around the heating elements, and a relationship between the density of the spacers and their flexibility to ensure protection of the scalp.

63.    Instyler infringes the '906 Patent by making, selling, and/or offering for sale in the United States, and/or importing into the United States, ceramic brushes that meet the elements of the asserted claims.   The Instyler practices the invention of claim 18 by manufacturing brushes with multiple spacers to maintain a specific distance between the ends of the heating elements and the user's scalp, additional, shorter spacers around the heating elements, and a density of spacers designed to ensure space between the user's scalp and the heating elements when the spacers are flexed.

64.    Instyler has infringed claim 18 the '906 Patent, pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the STRAIGHT UP, STRAIGHT UP mini, and GLOSSIE brushes.   Upon information and belief, Instyler's infringement is ongoing.

65.    Instyler's infringement of the '906 Patent is willful because it was done with knowledge of Plaintiffs' patent while also knowing that its conduct was infringement.

66.    Dafni Hair Products loses sales for each of the accused brushes that is sold.   But for the availability of accused products, a customer would purchase a DAFNI brush.   Plaintiffs therefor seek recovery of all lost profits associated with the sale of accused brushes.

67.    Alternatively, Plaintiffs seek to recover all of Instyler's profits on the infringing goods under 35 U.S.C. § 289, or a reasonable royalty.

68.     Plaintiffs seek treble damages for willful infringement, as well as recovery of their attorney's fees.

### FIFTH CAUSE OF ACTION
### (INFRINGEMENT OF THE '562 PATENT)

69.     Plaintiffs incorporate by reference Paragraphs 1-68 as if fully set forth herein.

70.     The '562 Patent generally relates to a brush with protruding heating elements and spacers to maintain distance between the heating elements and the user's skin.  The asserted claims of the '562 Patent are generally directed to a hairbrush with a heating plate, a plurality of heating elements monolithic with and protruding from the heating plate arranged in lengthwise rows, heat insulating spacers projecting from a bore in a heating element, and peripheral spacers on at least two sides of the brush.

71.     Instyler infringes the '562 Patent by making, selling, and/or offering for sale in the United States, and/or importing into the United States, ceramic brushes that meet the elements of the asserted claims.  By way of non-limiting example, Instyler STRAIGHT UP, STRAIGHT UP mini, and GLOSSIE brushes practice the invention of claim 1 because it is a brush with a heating place, a plurality of heating elements monolithic with and protruding from the heating plate arranged in lengthwise rows, heat insulating spacers projecting from a bore in the protruding heating elements, and peripheral spacers on all sides of the brush.

72.     Instyler has infringed claims 1-10 of the '562 Patent, pursuant to 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the STRAIGHT UP, STRAIGHT UP mini, and GLOSSIE brushes.  Upon information and belief, Instyler's infringement is ongoing.

16

73.     Instyler's infringement of the '562 Patent is willful because it was done with knowledge of Plaintiffs' patent while also knowing that its conduct was infringement.

74.     Dafni Hair Products loses sales for each of the accused brushes that is sold.  But for the availability of accused products, a customer would purchase a DAFNI brush.  Plaintiffs therefor seek recovery of all lost profits associated with the sale of accused brushes.

75.     Alternatively, Plaintiffs seek to recover all of Instyler's profits on the infringing goods under 35 U.S.C. § 289, or a reasonable royalty.

76.     Plaintiffs seek treble damages for willful infringement, as well as recovery of their attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Guy A. Shaked Investments, Ltd. and Dafni Hair Products, Ltd. pray for judgment in their favor and against Defendant Trade Box, LLC and specifically for the following relief:

(a)     Entry of judgment in favor of Guy A. Shaked Investments, Ltd. and Dafni Hair Products, Ltd. and against Defendant Trade Box, LLC on all counts;

(b)     Entry of judgment that Defendant Trade Box, LLC has infringed the Patents-in-Suit;

(c)     Entry of judgment that Defendant Trade Box, LLC's infringement of the Patents-in-Sit has been willful;

(d)     An order permanently enjoining Defendant Trade Box, LLC, together with its officers, directors, agents, servants, employees, those acting in privity with them, and upon those persons in active concert or participation with them, from infringing the Patents-in-Suit;

(e)     An award of compensatory damages adequate to compensate Plaintiffs for Defendant Trade Box, LLC's infringement of the Patents-in-Suit, in no event less than a reasonable royalty, in an amount according to proof and trebled as a result

1   of willful infringement as provided by 35 U.S.C. § 284;

2       (f)     An award of disgorgement of Defendant Trade Box, LLC's profits from

3   sales of the accused products;

4       (g)     An award of award of reasonable fees for expert witnesses and

5   attorneys pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

6       (h)     Pre-judgment and post-judgment interest on Plaintiffs' award, in an

7   amount according to proof;

8       (i)     Plaintiffs' costs; and

9       (j)     All such other and further costs and relief as the Court deems just and

10  proper.

11  Dated:  December 16, 2019

12                                              LATHAM & WATKINS LLP

13

14                                      By */s/ Michele D. Johnson*
15                                          Michele D. Johnson
                                            Michael A. Morin
16                                          Kevin C. Wheeler
                                            Joelle P. Justus

17                                          *Attorneys for Plaintiffs Guy A. Shaked*
18                                          *Investments Ltd. and Dafni Hair*
                                            *Products, Ltd.*

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiffs Guy A. Shaked Investments, Ltd. and Dafni Hair Products, Ltd. demand a trial by jury on all issues triable in this action pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated:  December 16, 2019

LATHAM & WATKINS LLP


By */s/ Michele D. Johnson*
Michele D. Johnson
Michael A. Morin
Kevin C. Wheeler
Joelle P. Justus

*Attorneys for Plaintiffs Guy A. Shaked Investments LTD and Dafni Hair Products, Ltd.*