Steven A. Caloiaro (Bar No. 284410)
scaloiaro@dickinson-wright.com
Dickinson Wright PLLC
100 West Liberty Street, Suite 940
Reno, NV 89501
Tel: (775) 343-7506
Fax: (844) 670-6009

John S. Artz (*Pro Hac Vice forthcoming*)
jsartz@dickinsonwright.com
Dickinson Wright PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Tel: (248) 433-7200
Fax: (844) 670-6009

*Attorneys for Defendant Trade Box, LLC d/b/a InStyler*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS LTD. and DAFNI HAIR PRODUCTS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TRADE BOX, LLC D/B/A/ INSTYLER, <br><br> Defendant. | Case No.:  2:19-cv-10593-AB-MAA <br><br> **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

Defendant Trade Box, LLC d/b/a InStyler ("InStyler"), by and through its attorneys of record, Dickinson Wright PLLC, hereby answers Plaintiffs Guy A. Shaked Investments, Ltd., and Dafni Hair Products, Ltd., (collectively, "Plaintiffs") Complaint for Patent Infringement ("Complaint").    InStyler denies the allegations and characterizations in Plaintiffs' Complaint unless expressly admitted in the following paragraphs.

## INSTYLER PRELIMINARY STATEMENT

Defendant Trade Box, LLC ("Trade Box") has no involvement in the allegedly infringing activities complained of herein.  Specifically, Trade Box has no involvement in the manufacture, sale, offer for sale, importing and/or distribution of the Accused Products.  Instead, Trade Box is merely a holding company.

## PRELIMINARY STATEMENT

1. InStyler lacks sufficient information to admit or deny the allegations of Paragraph 1 and, therefore, denies the same.

2. InStyler lacks sufficient information to admit or deny the allegations of Paragraph 2 and, therefore, denies the same.

3. InStyler lacks sufficient information to admit or deny the allegations of Paragraph 3 and, therefore, denies the same. Furthermore, the screenshot has independent legal significance and is the best evidence of its content, and InStyler denies any allegations inconsistent therewith.

4. InStyler lacks sufficient information to admit or deny the allegations of Paragraph 4 and, therefore, denies the same.

5. InStyler lacks sufficient information to admit or deny the allegations of Paragraph 5 and, therefore, denies the same.

6. InStyler lacks sufficient information to admit or deny the allegations of Paragraph 6 and, therefore, denies the same.  InStyler denies any wrongdoing or liability, and denies the remaining allegations, assertions and averments in Paragraph 6.

## NATURE OF THE ACTION

7. InStyler admits that Plaintiffs' Complaint alleges Patent Infringement. InStyler, however, denies liability and denies the remaining allegations, assertions and averments in Paragraph 7.

## THE PARTIES

8. InStyler lacks sufficient information to admit or deny the allegations of Paragraph 8 and, therefore, denies the same.

9.      InStyler admits that Plaintiff Guy A. Shaked Investments, Ltd. is listed as the Assignee of U.S. Patent Nos. 9,877,562 (the "'562 Patent"), 9,591,906 (the "'906 Patent"), 9,578,943 (the "'943 Patent"), and D817,007 (the "D'007 Patent")(collectively, the "Patents-in-Suit").

10.      InStyler lacks sufficient information to admit or deny the allegations of Paragraph 10 and, therefore, denies the same.

11.      InStyler lacks sufficient information to admit or deny the allegations of Paragraph 11 and, therefore, denies the same.

12.      InStyler denies that it is a corporation as untrue.  InStyler admits the remaining allegations contained in Paragraph 12, but denies that it is liable for patent infringement.

## JURISDICTION AND VENUE

13.      For purposes of this case only, InStyler does not dispute that this Court has subject matter jurisdiction over Plaintiffs' claims. InStyler, however, denies liability as to Plaintiffs' claims and denies that it has committed acts of Patent Infringement in this District.

14.      For purposes of this case only, InStyler does not dispute that this Court has personal jurisdiction over InStyler. InStyler, however, denies the allegations contained in Paragraph 14 (iii) as untrue and denies liability as to Plaintiffs' claims.

15.      For purposes of this case only, InStyler does not dispute that venue is proper in this District. InStyler, however, denies the allegations contained in Paragraph 15 (iii) as untrue and denies liability as to Plaintiffs' claims.

## INVENTION OF THE DAFNI BRUSH

16.      InStyler lacks sufficient information to admit or deny the allegations of Paragraph 16 and, therefore, denies the same.

17.      InStyler lacks sufficient information to admit or deny the allegations of Paragraph 17 and, therefore, denies the same.

18.      InStyler lacks sufficient information to admit or deny the allegations of

Paragraph 18 and, therefore, denies the same.

19.   InStyler lacks sufficient information to admit or deny the allegations of Paragraph 19 and, therefore, denies the same.

20.   InStyler admits that the Patents-in-Suit disclose a hair brush with protruding heated elements on the face of the brush. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 20 and, therefore, denies the same.

21.   InStyler lacks sufficient information to admit or deny the allegations of Paragraph 21 and, therefore, denies the same.

22.   InStyler admits that the Dafni brush contains stiff bristles around the heated surface, and heat-insulating bristles on top of the protruding heating elements. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 22 and, therefore, denies the same.

23.   InStyler lacks sufficient information to admit or deny the allegations of Paragraph 23 and, therefore, denies the same.

24.   InStyler lacks sufficient information to admit or deny the allegations of Paragraph 24 and, therefore, denies the same. Furthermore, the screenshot has independent legal significance and is the best evidence of its content, and InStyler denies any allegations inconsistent therewith.

25.   InStyler lacks sufficient information to admit or deny the allegations of Paragraph 25 and, therefore, denies the same.

26.   InStyler lacks sufficient information to admit or deny the allegations of Paragraph 26 and, therefore, denies the same.

## PATENTS-IN-SUIT

27.   InStyler lacks sufficient information to admit or deny the allegations of Paragraph 27 and, therefore, denies the same.

28.   InStyler admits that the D'007 Patent was issued to assignee Guy A. Shaked Investments, Ltd.  InStyler, however, denies liability and denies that it has committed acts of Patent Infringement.

4

29.     InStyler admits that the D'539 Patent was issued on March 5, 2019. InStyler, however, denies that the D'539 Patent was issued to Plaintiffs as assignee, and further denies liability and denies that it has committed acts of Patent Infringement.

30.     InStyler admits that the '943 Patent was issued to assignee Guy A. Shaked Investments, Ltd. InStyler, however, denies liability and denies that it has committed acts of Patent Infringement.

31.     InStyler admits that the '906 Patent was issued to assignee Guy A. Shaked Investments, Ltd. InStyler, however, denies liability and denies that it has committed acts of Patent Infringement.

32.     InStyler admits that the '562 Patent was issued to assignee Guy A. Shaked Investments, Ltd. InStyler, however, denies liability and denies that it has committed acts of Patent Infringement.

## DEFENDANT AND THE ACCUSED PRODUCTS

33.     InStyler admits that it sells ceramic hair straightening brushes called the "Straight Up" and "Glossie" brushes. Instyler, however, denies any wrongdoing or liability, and denies the remaining allegations of Paragraph 33. Furthermore, the screenshot has independent legal significance and is the best evidence of its content, and InStyler denies any allegations inconsistent therewith.

34.     InStyler admits that it sells a ceramic hair straightening brush called the "Straight Up" brush. InStyler, however, denies any wrongdoing or liability. Furthermore, the screenshot has independent legal significance and is the best evidence of its content, and InStyler denies any allegations inconsistent therewith.

35.     InStyler admits that it sells ceramic hair straightening brushes called the "Straight Up" and "Glossie" brushes. InStyler, however, denies liability and denies that it has committed acts of Patent Infringement.

## NOTICE OF INFRINGEMENT

36.     InStyler denies the allegations in Paragraph 36 as untrue.

37.     InStyler admits it received a letter dated March 24, 2017 alleging that Trade

Box, LLC was infringing the '943 and '906 Patents.  InStyler denied and continues to deny that it has at any time infringed the '943 and '906 Patents, or any other Patent-in-Suit.

38.     InStyler denies the allegations of Paragraph 38 as untrue.

**FIRST CAUSE OF ACTION**

**(INFRINGEMENT OF THE D'007 PATENT)**

39.     InStyler realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

40.     InStyler admits that Plaintiffs have ownership rights in the Patents-in-Suit, but denies the validity of the same. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 40 and, therefore, denies the same.

41.     InStyler denies the allegations of Paragraph 41 as untrue.

42.     InStyler denies the allegations of Paragraph 42 as untrue.

43.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 43 and, therefore, denies the same.

44.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 44 and, therefore, denies the same.

45.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 45 and, therefore, denies the same.

**SECOND CAUSE OF ACTION**

**(INFRINGEMENT OF THE D'539 PATENT)**

46.     InStyler realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

47.     InStyler lacks sufficient information to admit or deny the allegations of Paragraph 47 and, therefore, denies the same.

6

48.    InStyler denies the allegations of Paragraph 48 as untrue.

49.    InStyler denies the allegations of Paragraph 49 as untrue.

50.    InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 50 and, therefore, denies the same.

51.    InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 51 and, therefore, denies the same.

52.    InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 52 and, therefore, denies the same.

**THIRD CAUSE OF ACTION**

**(INFRINGEMENT OF THE '943 PATENT)**

53.    InStyler realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

54.    InStyler admits the allegations of Paragraph 54.

55.    InStyler denies that its Straight Up, Straight Up mini, and Glossie brushes infringe any claim of the '943 Patent and, therefore, denies the allegations of Paragraph 55 as untrue.

56.    InStyler denies the allegations of Paragraph 56 as untrue.

57.    InStyler denies the allegations of Paragraph 57 as untrue.

58.    InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 58 and, therefore, denies the same.

59.    InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 59 and, therefore, denies the same.

60.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 60 and, therefore, denies the same.

## FOURTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '906 PATENT)

61.     InStyler realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

62.     InStyler admits the allegations of Paragraph 62.

63.     InStyler denies that it has infringed any claim of the '906 Patent and, therefore, denies the allegations of Paragraph 63 as untrue.

64.     InStyler denies the allegations of Paragraph 64 as untrue.

65.     InStyler denies the allegations of Paragraph 65 as untrue.

66.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 66 and, therefore, denies the same.

67.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 67 and, therefore, denies the same.

68.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 68 and, therefore, denies the same.

## FIFTH CAUSE OF ACTION
## (INFRINGEMENT OF THE '562 PATENT)

69.     InStyler realleges and incorporates the preceding paragraphs of this answer as if fully set forth herein.

70.     InStyler admits the allegations of Paragraph 70.

71.     InStyler denies that its Straight Up, Straight Up mini, or Glossie brushes, or any InStyler product, infringes any claim of the '562 Patent and, therefore, denies the allegations of Paragraph 71 as untrue.

72.     InStyler denies the allegations of Paragraph 72 as untrue.

73.     InStyler denies the allegations of Paragraph 73 as untrue.

74.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 74 and, therefore, denies the same.

75.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 75 and, therefore, denies the same.

76.     InStyler denies that Plaintiffs are entitled to any damages from InStyler. InStyler lacks sufficient information to admit or deny the remaining allegations of Paragraph 76 and, therefore, denies the same.

## [PLAINTIFFS'] PRAYER FOR RELIEF

InStyler denies that Plaintiffs are entitled to any relief from InStyler and denies all the allegations, averments or assertions contained in Paragraphs a) through j) of Plaintiffs' Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

InStyler hereby asserts the following defenses and affirmative defenses. InStyler denies any allegations in the Complaint not specifically admitted above. InStyler reserves the right to amend its Answer to add additional defenses, including allegations of inequitable conduct, consistent with the facts discovered in this case.

## FIRST DEFENSE – FAILURE TO STATE A CLAIM

Plaintiffs' Complaint, on one or more counts, fails to state a claim upon which relief may be granted.

1

## SECOND DEFENSE – NON-INFRINGEMENT

2

InStyler has not infringed any valid and enforceable claim of any of the Patents-

3

in-Suit.

4

## THIRD DEFENSE – INVALIDITY

5

The Patents-in-Suit are invalid for failure to comply with the conditions and

6

requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101,

7

102, 103 and/or 112.

8

9

## FOURTH DEFENSE – LIMITATION ON DAMAGES
## UNDER 35 U.S.C. §§ 286 AND 287

10

Plaintiffs' claims for damages are limited, in whole or in part, under 35 U.S.C. §

11

286 and 35 U.S.C. § 287.

12

13

## FIFTH DEFENSE – PROSECUTION DISCLAIMER
## AND PROSECUTION HISTORY ESTOPPEL

14

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrines of

15

prosecution disclaimer and prosecution history estoppel.

16

## SIXTH DEFENSE –EQUITABLE DOCTRINES
## INCLUDING ESTOPPEL, WAIVER, AND ACQUIESCENCE

17

Plaintiffs' claims are barred, in whole or in part, by operation of one or more

18

equitable doctrines, including, but not limited to, estoppel, waiver, and/or acquiescence.

19

## SEVENTH DEFENSE – LICENSE AND EXHAUSTION

20

Plaintiffs' claims are barred or limited, in whole or in part, as the result of license,

21

exhaustion, or otherwise authorized use.

22

## EIGHTH DEFENSE – INTERVENING RIGHTS

23

Plaintiffs' claims are barred, in whole or in part, by the doctrine of intervening

24

rights.

25

## NINTH DEFENSE – LACK OF IRREPARABLE HARM

26

Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show

27

that they will suffer any irreparable harm from InStyler's actions.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TENTH DEFENSE – ADEQUATE REMEDY AT LAW

Any alleged injury suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

## ELEVENTH DEFENSE – NO DAMAGE

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any alleged act by InStyler in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

Dated: February 21, 2020

Respectfully Submitted,

**DICKINSON WRIGHT PLLC**

    /s/ Steven A. Caloiaro____
Steven A. Caloiaro, Bar No. 28441
scaloiaro@dickinson-wright.com
Dickinson Wright PLLC
100 W. Liberty Street, Suite 940
Reno, NV 89501
Tel.: (775) 343-7500

John S. Artz (*Pro Hac Vice forthcoming*)
jsartz@dickinsonwright.com
Dickinson Wright PLLC
2600 W Big Beaver Road, Suite 300
Troy, MI 48084
Tel: (248) 433-7200

*Attorneys for Trade Box, LLC d/b/a/ InStyler*

11