1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GUY A. SHAKED INVESTMENTS
LTD. AND DAFNI HAIR
PRODUCTS, LTD.

              Plaintiffs,

   v.

TRADE BOX, LLC AND TRE
MILANO, LLC

             Defendants.

Case No.  2:19-cv-10593-AB-MAA

**STIPULATED PROTECTIVE ORDER**

## 1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of information that is normally kept confidential, proprietary, or private for competitive reasons, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, development, or commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G).  Accordingly, the

parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order to facilitate document production and disclosure, and protect the respective interests of the parties in their trade secrets and/or confidential information.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Paragraph 14 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.    **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.   Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such

material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.     DEFINITIONS**

3.1.    Action:  *Guy A. Shaked Investments Ltd., et al. v. Trade Box LLC, et al.*, Case No. 2:19-cv-10593-AB-MAA.

3.2.    Challenging Party:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.    "CONFIDENTIAL" Information or Items:     "CONFIDENTIAL" Information or Items shall have the definition set forth in Paragraph 6.2 below.

3.4.    "ATTORNEYS' EYES ONLY" Information or Items: "ATTORNEYS' EYES ONLY" Information or Items shall have the definition set forth in Paragraph 6.3 below.

3.5.    "TRIAL COUNSEL'S EYES ONLY" Information or Items: "TRIAL COUNSEL'S EYES ONLY" Information or Items shall have the definition set forth in Paragraph 6.4 below.

3.6.    Counsel:  Outside Litigation Counsel and In-House Counsel (as well as their support staff).

3.7.    Designating Party:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.8.    Disclosure or Discovery Material:  All items or information, regardless

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.9.   "Document" or "document": the meaning prescribed in Fed. R. Civ. P. 26 and 34.

3.10.  Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.11.  In-House Counsel:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Litigation Counsel or any other outside counsel.

3.12.  Nonparty:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.13.  Notice or Notify: means written notice, including by email.

3.14.  Outside Litigation Counsel:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.15.  Party:  Any party to this Action, including all of its officers, directors, employees, consultants, agents, retained experts, In-House Counsel, and Outside Litigation Counsel (and their support staffs).

3.16.  Producing Party:  A Party or Nonparty, person, entity, or third party that produces Disclosure or Discovery Material in this Action.

3.17.  Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE ORDER

exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.18.  Protected Material:   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY"."

3.19.  Receiving Party:  A Party or Nonparty that has been or becomes lawfully in the possession of Disclosure or Discovery Material from a Producing Party.

## 4.   SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Stipulated Protective Order do not cover the following information:  (1) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order, including becoming part of the public record through trial or otherwise; and (2) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Producing Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 5.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating

Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. DESIGNATING PROTECTED MATERIAL

### 6.1. Exercise of Restraint and Care in Designating Material for Protection

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

### 6.2. Criteria for "CONFIDENTIAL" Designation

A Party or Nonparty may designate Protected Material as "CONFIDENTIAL" if the information concerns, reflects, reveals, relates to, contains or discloses non-public, processes, shipments, or other confidential or proprietary commercial trade secret, marketing, advertising, customer, financial, research, product-development, regulatory, business operating, processes or personnel information, manufacturing/distribution or other confidential information, or contains or discloses

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

information protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. "CONFIDENTIAL" information is information that the Producing Party would not normally reveal to third parties, or if disclosed, would require such third parties to maintain the information in confidence.

### 6.3.   Criteria for "ATTORNEYS' EYES ONLY" Designation

A Party or Nonparty may designate Protected Material as "ATTORNEYS' EYES ONLY" if the information:   (1) satisfies the criterial for designation as "CONFIDENTIAL" under Paragraph 6.2 above, (2) is extremely sensitive Confidential Information, the disclosure of which to another Party or Nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means, and (3) discloses Information relating to a Party or Nonparty's manufacturing, processing, and/or developing of any products or product candidates (including, but not limited to, sensitive research materials, development materials and strategic plans); sensitive research; marketing plans; market projections or forecasts; customers; or pricing and sales information.   Subject to the foregoing, such "ATTORNEYS' EYES ONLY" Information may include without limitation:  trade secrets; technical information; technical practices; methods; other know-how; pending but unpublished patent applications; board materials; pricing data; financial data; sales information; customer confidential information; agreements or relationships with third parties; market projections or forecasts; strategic business plans; selling or marketing strategies; new product development; testing; manufacturing costs; or information regarding employees.

### 6.4.   Criteria for "TRIAL COUNSEL'S EYES ONLY" Designation

A party or Nonparty may designate Protected Material as "TRIAL COUNSEL'S EYES ONLY" if the information would be of value to a competitor of the Producing Party and the disclosure of which to any attorneys who participate in

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

the prosecution in front of the United States Patent and Trademark Office of any claim in any patent application pertaining to the subject matter of the material marked "TRIAL COUNSEL'S EYES ONLY" would cause competitive harm or injury to the Producing Party if disclosed. "TRIAL COUNSEL'S EYES ONLY" information includes but is not limited to engineering, design, manufacturing, fabrication and assembly drawings of a Party's future products and components and all research, development and other technical information related thereto, all non-published patent applications, current or future technical trade secrets and plans and related information; and technical practices, methods, or other technical know-how.

6.5.   <u>Manner and Timing of Designations</u>

Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, if practical, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each protection, the level of protection being asserted.

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has

indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY". After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, if practical, the Producing Party must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    For testimony given in depositions or in other pretrial or trial proceedings, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of production being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to twenty one (21) days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the twenty one (21) days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY".

1    Parties shall give the other parties notice if they reasonably expect a
2  deposition, hearing, or other proceeding to include Protected Material so that the
3  other parties can ensure that only authorized individuals who have signed the
4  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
5  proceedings. Notwithstanding the foregoing, a Party shall not be precluded from
6  using Protected Material at a deposition, hearing, or other proceeding, if it fails to
7  identify the potential use of such materials in advance.  The use of a document as an
8  exhibit at a deposition shall not in any way affect its designation as
9  "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S
10  EYES ONLY".

11    Transcripts containing Protected Material shall have an obvious legend
12  on the title page that the transcript contains Protected Material, and the title page shall
13  be followed by a list of all pages (including line numbers as appropriate) that have
14  been designated as Protected Material and the level of protection being asserted by
15  the Designating Party. The Designating Party shall inform the court reporter of these
16  requirements. Any transcript that is prepared before the expiration of a twenty one
17  (21)-day period for designation shall be treated during that period as if it had been
18  designated "ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.
19  After the expiration of that period, the transcript shall be treated only as actually
20  designated.

21    (c)    For information produced in nondocumentary form, and for any
22  other tangible items, that the Producing Party affix in a prominent place on the
23  exterior of the tangible item, container or containers in which the information is
24  stored the legend "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL
25  COUNSEL'S EYES ONLY."  If only a portion or portions of the information
26  warrants protection, the Producing Party, to the extent practicable, shall identify the
27  protected portion(s) and specify the level or protection being asserted.

28

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

<u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon prompt correction of a designation after the discovery, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.   <u>Timing of Challenges</u>

Any Party or Nonparty may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2.   <u>Meet and Confer</u>

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 *et seq.*, and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3.   <u>Burden of Persuasion</u>

If the Parties cannot resolve a challenge without Court intervention, the Parties shall contact the Court to seek a resolution of the dispute. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**8.      ACCESS TO AND USE OF PROTECTED MATERIALS**

8.1.   Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  No person receiving such documents or information shall directly or indirectly use, transfer, disclose or communicate in any way the documents or their content or other information to any person other than those specified and described in this Stipulated Protective Order. When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Paragraph 15 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.   Disclosure of "CONFIDENTIAL" Information or Items

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)      The Receiving Party's Outside Litigation Counsel, as well as employees of said Outside Litigation Counsel and Professional Vendors to whom it is reasonably necessary to disclose the information for conducting this Action;

(b)      The officers, directors, agents, and employees (including In-House Counsel) of the Receiving Party who are providing instruction and/or

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

assistance to Outside Litigation Counsel with respect to this Action to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    The Court and its personnel;

(e)    Court reporters and videographers;

(f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any "CONFIDENTIAL" Information unless otherwise agreed by the Designating Party or ordered by the Court.  The deposition of any witness, or any portion of such deposition, encompassing Protected Material shall be taken only in the presence of individuals qualified to have access to such information pursuant to this Stipulated Protective Order, unless otherwise agreed upon by the Parties or counsel on the records.  Nothing shall restrict a Receiving Party's counsel from deposing a witness employed by the Producing Party on documents designated by the Producing Party as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY". Pages of transcribed deposition testimony or exhibits to depositions that reveal "CONFIDENTIAL" Information may be separately bound by the court

reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

Other persons only upon order of the Court or any other person as to whom the Producing Party agrees in writing prior to such disclosure.

8.3.   Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

(a)     The Receiving Party's Outside Litigation Counsel, as well as employees of said Outside Litigation Counsel and Professional Vendors to whom it is reasonably necessary to disclose the information for conducting this Action;

(b)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     The Court and its personnel; and

(d)     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.4     Disclosure of "TRIAL COUNSEL'S EYES ONLY" Information or Items. Access to any TRIAL COUNSEL'S EYES ONLY document or information shall be limited to:

a.   The Court and its staff;

b.   Trial counsel of record in this litigation who have filed an appearance in front of the United States District Court for the Central District of

California to appear in Case No. 2:19-cv-10593-AB-MAA, and such trial counsel's clerical staff working under the supervision of such trial counsel, and vendors providing messenger, photocopying, or other clerical services with which such trial counsel contract in connection with the above-captioned matter;

c. Persons shown on the face of the document to have authored or received it;

d. Court reporters and videographers retained to transcribe and/or record testimony; and

e. Outside Litigation Counsel; and

f. Other persons only upon order of the Court or any other person as to whom the Producing Party agrees in writing prior to such disclosure.

Any individual permitted to receive another Party's TRIAL COUNSEL'S EYES ONLY documents or information, including outside experts and consultants, who obtains or receives, in whole or in part, another Party's material marked TRIAL COUNSEL'S EYES ONLY under this Order shall not participate in the prosecution in front of the United States Patent and Trademark Office of any claim in any patent application pertaining to the subject matter of the material marked TRIAL COUNSEL'S EYES ONLY for one (1) year after termination of this Litigation (including appeals, if any), with the proviso that in the event a Party to this action requests a reexamination, *inter partes* review proceeding, post-grant review proceeding or a covered business method review proceeding of another Party's patent(s) related to the subject matter of this action, trial counsel of record, and any other individual, who, consistent with Paragraph 7, has received material marked TRIAL COUNSEL'S EYES ONLY, shall be allowed to participate in such proceeding(s) regardless of whether such trial counsel or individual has received material marked TRIAL COUNSEL'S EYES ONLY, but may not amend, substitute,

or add claims to the Party's patent(s) during the proceeding.  If it is believed that a Party has mismarked Protected Information as TRIAL COUNSEL'S EYES ONLY, any dispute over whether such information is properly designated under the terms of this Order shall be resolved according to the procedure set forth in Paragraph 6 herein, and, in the event of any dispute, the obligations under this paragraph shall remain in effect until such time as the Court resolves the dispute.

    8.4.   Disclosure of Protected Materials

    Prior to disclosure of any Protected Material, any Receiving Party must read this Stipulated Protective Order and sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  A copy of such signed agreement must be retained by Outside Litigation Counsel for the Party disclosing the Protected Material under the terms of this Stipulated Protective Order until the final termination of this Action.

    Persons receiving Protected Material are prohibited from disclosing it, or any information derived therefrom, to any person except in conformance with this Stipulated Protective Order. Counsel for the Receiving Party shall notify counsel for the Producing Party at least seven (7) days prior to disclosure to any person required to execute the Acknowledgement and Agreement to Be Bound who is also known to be an employee or agent of or business consultant to any competitor of the Producing Party ("Receiving Party's notice").  The Receiving Party's notice shall provide a reasonable description of the person known to be an employee or agent of or business consultant to any competitor of the Producing Party to whom disclosure is sought sufficient to permit objection to be made, including such person's curriculum vitae. If the Producing Party objects in writing to disclosure to the person further known to be an employee or agent of or business consultant to any competitor of the Producing Party within seven (7) days after receipt of the Receiving Party's notice, no disclosure shall be made until the Receiving Party seeking disclosure obtains the prior approval of the Court or the Producing Party.

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

8.5.   Use of Protected Materials in Filings and Formal Proceedings

The Parties and the Court will maintain the confidentiality of Protected Materials at all hearings and proceedings.  In the event that any Protected Material is otherwise used in any court or other proceeding in connection with this Action, the Parties shall take all steps reasonably required to protect its confidentiality during such use.  Any person who is not authorized under this Stipulated Protective Order to have access to Protected Materials may be excluded while a deponent is being examined about such Protected Materials.

## 9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY," that Party must:

(a)   Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.   A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

### 10.1.  Application

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY."  Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

### 10.2.  Notification

In the event that a Party is required by a valid discovery request to produce a Nonparty's Protected Material in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Protected Material, then the Party shall:

(a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)    Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    Make the information requested available for inspection by the Nonparty, if requested.

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

10.3.  <u>Conditions of Production</u>

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Protected Material responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, that it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).  Any person or entity who obtains access to Documents, information or material produced in this action and that are designated "CONFIDENTIAL", "ATTORNEYS' EYES ONLY" or "TRIAL COUNSEL'S EYES ONLY" pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such information or any portion thereof except as may be reasonably necessary in such litigation.

**12.   <u>PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

12.1  <u>Inadvertent Production</u>

Inadvertent disclosure by a Producing Party of Protected Material, regardless of whether the material was so designated at the time of disclosure, shall not be

deemed a waiver in whole or part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that promptly upon discovery of the inadvertent disclosure, the Producing Party notifies the Receiving Party in writing that the information is Protected Material and was inadvertently disclosed.  Such notification shall constitute a designation of the information as Protected Material. Upon such notification, counsel shall reasonably cooperate to restore the confidentiality of Protected Material to the extent possible.  Upon subsequent correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with any revised designations under the provisions of this Stipulated Protective Order and make a reasonable effort to promptly collect any copies of the material that have been provided to individuals other than those authorized to receive the Protected Material.  The Receiving Party shall not be deemed liable for any disclosure of the information which took place prior to receiving notice of the corrected designation.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated Protective Order submitted

to the Court.

If a Receiving Party becomes aware that it has received documents that it reasonably believes may be subject to attorney-client privilege, that Party shall promptly notify the Producing Party of receipt of the documents and, if the Producing Party so requests within five (5) business days after being advised of the inadvertent production, return or destroy all copies of the potentially privileged documents.

Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation by following the procedures set forth in Paragraph 7 above.

12.2   Log(s) of Withheld Documents

For each document and thing requested herein that a Producing Party withholds or redacts under a claim of attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party shall provide a log explaining the basis for the claim, including:

(a)   the date of the document;

(b)   the type of document (e.g., letter, memorandum, etc.);

(c)   the name and title of any and all authors or senders and any and all addressees and recipients of the document;

(d)   the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document or in whose name the document was prepared;

(e)   the subject matter of the document; and

(f)   a statement of the basis upon which the document has been redacted or withheld, including the specific nature of the privilege or exemption claimed and the detailed grounds for claiming such.

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

The log shall be produced within one week of service of the production from which the documents were withheld.

**13.   <u>Experts</u>**

For any Expert proposed to be designated to receive Protected Material, the Party seeking to disclose Protected Material to the Expert must first provide to all attorneys of record for the other Parties a written notice that: (1) attaches the Expert's signed "Acknowledgment and Agreement to Be Bound" (Exhibit A), (2) sets forth the full name of the proposed recipient and the city and state of his or her primary residence; (3) attaches a copy of the proposed recipient's current resume; (4) identifies the proposed recipient's current employer(s); and (5) identifies (by name and number of the case, filing date, and location of the court, if known) any litigation in connection with which the Expert has offered expert testimony, including through a declaration or testimony at a deposition or at trial during the preceding four (4) years.

Unless counsel for the Producing Party of the Protected Materials notifies the proposing attorney in writing of an objection to the proposed designee within ten (10) business days of receipt of notification, such designee shall be deemed qualified to receive Protected Materials.  In the event of an objection, the Parties shall follow the dispute resolution procedures set forth in Paragraph 7 above.  The Parties specifically reserve the right to object to the disclosure of Protected Materials to a proposed Expert should the proposed Expert be employed by the objecting Party's competitor. The burden of proving that the designated person should not be designated is on the objecting Party.   Any motion challenging a Party's designation of Protected Materials, seeking to compel Privileged Material, or seeking relief in connection with disclosing information to Expert witnesses, must be brought in compliance with Paragraph 7 above.

**14.** **MISCELLANEOUS**

14.1. <u>Right to Further Relief</u>

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

14.2. <u>Right to Assert Other Objections</u>

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

<u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.3. <u>Filing Protected Material</u>.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. If a Receiving Party intends to files any such designated Protected Material with the Court without moving to have the Protected Material filed under seal, the Receiving Party shall notify the Producing Party at least seven (7) business days before such Protected Material is filed with the Court, of the identity of such Protected Material and that the Receiving Party does not intend to move to file the Protected Material under seal.  This notice is intended to provide the Producing Party the opportunity to move the Court to have such Protected Material, or some part of it, filed under seal if the Producing Party believes

in good faith that requirements are met for the Protected Material to be filed under seal with the Court's approval. The Receiving Party will meet and confer with the Producing Party to identify the information to be redacted in the public version of the filing within a reasonable time. A Party that seeks to file under seal any Protected Material must comply with the applicable rules of this Court.

Filing Documents Under Seal. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal, unless otherwise required by rule or the Court. Whenever a motion or stipulation to seal is filed, the party seeking to file under seal shall submit a proposed order which states the particular reason the seal is required. The proposed order shall be submitted via the link located under the "Utilities" section of CM/ECF.

Right to Advise. Nothing in this Order shall be construed to prevent Attorneys from advising their clients with respect to this litigation based on Protected Information, provided that the Attorneys do not disclose the Protected Information itself, except as provided in this Protective Order.

## 15. **FINAL DISPOSITION**

Within ninety (90) days after the final disposition of this Action, each Receiving Party must return all Protected Material to the Producing Party or destroy

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (i) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order.

**16.** **<u>VIOLATION</u>**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  August 20, 2020                    _/s/ Michele D. Johnson_
                                           Attorney for Plaintiff

Dated:  August 20, 2020                    _/s/ Steven A. Caloiaro_

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

Attorney for Defendant

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:      08/20/20

Maria A. Audero
United States Magistrate Judge

**ATTESTATION**

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

Dated: August 20, 2020              By: */s/ Michele D. Johnson*
                                           Michele D. Johnson

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____ [address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Guy A. Shaked Investments Ltd., et al. v. Trade Box LLC, et al.*, Case No. 2:19-cv-10593-AB-MAA.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  As soon as practical, but no later than 30 days after final termination of this action, I shall return to the Attorney from whom I have received any documents designated as containing Protected Material and all copies, excerpts, summaries, notes, digests, abstracts and indices relating to such documents.  I hereby appoint _____ [full name] of _____

_____ [address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

2:19-CV-10593-AB-MAA
[PROPOSED] STIPULATED PROTECTIVE
ORDER

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____