Michele D. Johnson (Bar No. 198298)
    Michele.Johnson@LW.com
LATHAM & WATKINS LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:  +1.714.540.1235
Facsimile:  +1.714.755.8290

Michael A. Morin (*Pro Hac Vice*)
    Michael.Morin@LW.com
Kevin C. Wheeler (Bar No. 261177)
    Kevin.Wheeler@LW.com
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Telephone:  +1.202.637.2200
Facsimile:  +1.202.637.2201

Ann Marie Wahls (*Pro Hac Vice*)
    Annmarie.Wahls@LW.com
LATHAM & WATKINS LLP
330 N. Wabash, Suite 2800
Chicago, IL 60611
Telephone:  +1.312.876.7700
Facsimile:  +1.312.993.9767

*Attorneys for Plaintiffs Guy A. Shaked
Investments Ltd. and Dafni Hair Products,
Ltd.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GUY A. SHAKED INVESTMENTS LTD. AND DAFNI HAIR PRODUCTS, LTD. | Case No. 2:19-cv-10593-AB-MAA |
| Plaintiffs, | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO LIFT STAY** |
| v. | Judge: Hon. André Birotte Jr. |
| | Date: June 11, 2021 |
| TRADE BOX, LLC AND TRE MILANO, LLC | Time: 10:00 a.m. |
| | Courtroom : Ctrm 7B |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 11, 2021, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Andre Birotte, Jr., Courtroom 7B, United States District Court, Central District of California, located at 350 West First Street, Los Angeles, CA 90012, Plaintiffs Guy A. Shaked Investments Ltd. and Dafni Hair Products, Ltd. will, and hereby do, move this Court for an order lifting the stay.

This Motion is made following the conferences of counsel pursuant to L.R. 3-7 which took place on May 5, 2021.  This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, the Declaration of Ann Marie Wahls and exhibits thereto, the Court's record on this matter, the arguments of counsel, and other evidence and argument that may be presented before the Court's decision.

Dated: May 12, 2021

LATHAM & WATKINS LLP

By: */s/ Michele D. Johnson*

Michele D. Johnson
Michael A. Morin (*pro hac vice*)
Kevin C. Wheeler
Ann Marie Wahls (*pro hac vice*)

*Attorneys for Plaintiffs Guy A. Shaked Investments Ltd. and Dafni Hair Products, Ltd.*

Case No. 2:19-cv-10593-AB-MAA
PLAINTIFFS' MOTION TO LIFT STAY

1    Plaintiffs Guy A. Shaked Investments Ltd. and Dafni Hair Products, Ltd.
2    (collectively "Plaintiffs" or "Dafni"), submit this motion to lift the stay.  The stay
3    was entered pending *Inter Partes* Review ("IPR")[1] of the three utility patents initially
4    in suit:  U.S. Patent No. 9,578,943 (the "'943 patent"); U.S. Patent No. 9,591,906
5    (the "'906 patent"); and U.S. Patent No. 9,877,562 (the "'562 patent").[2]  The Patent
6    Trial and Appeal Board ("PTAB") instituted IPR of the '906 and '562 patents, but
7    declined to institute IPR of the '943 patent, holding that "the Petitioner has not
8    shown a reasonable likelihood that it would prevail in showing the unpatentability
9    of at least one of the challenged claims" of the '943 patent. *See* Ex. 1, *Ontel Products*
10   *Corp. v. Guy A. Shaked Investments Ltd.*, No. IPR2020-01703, Paper 12 at 19 (PTAB
11   Apr. 13, 2021).  As a result, Dafni's claims that InStyler infringes the claims of the
12   '943 patent and Dafni's two design patents are ripe for adjudication in this Court,
13   and the stay should be lifted.  Dafni will immediately dismiss the '906 and '562
14   patents from the case **with prejudice** if this Court lifts the stay.  This case would
15   proceed on infringement of the three remaining patents:  the '943 patent and the two
16   design patents.

17   Pursuant to Local Rule 7-3, the parties met and conferred on May 5, 2021.
18   For the reasons discussed in detail below, InStyler opposes this motion.

19   **I.    ARGUMENT**

20   The PTAB denied institution of the '943 patent petition on April 13, 2021,
21   and granted institution of the '906 and '562 patent petitions on April 19, 2021.  Dafni
22   believes it will ultimately prevail before the PTAB on the '906 and '562 patents.
23   However, because a final determination of the instituted IPRs will take at least one

---

[1] The IPR petitions at issue were filed by a defendant in a related litigation, Ontel Products Corporation.  Defendants Trade Box, LLC and Tre Milano, LLC d/b/a InStyler (collectively "Defendants" or "InStyler") are real parties in interest to all three IPR proceedings and are bound by their outcomes.

[2] Dafni's two design patents asserted in this case (U.S. Design Patent Nos. 817,007 and 842,539) are not at issue in Ontel's IPRs.

year (and two years or more if either party appeals the PTAB's result) and significantly delay the district court litigation, Dafni believes that it is in the best interests of the parties and this Court to lift the stay and proceed on Dafni's claims of infringement of the two asserted design patents and the '943 patent alone.  Upon lifting the stay, Dafni will immediately amend its complaint to dismiss the '906 and '562 patents *with prejudice* from this litigation, rendering the PTAB proceedings irrelevant to this case.

### A. There Are No Overlapping Issues Between the IPR Proceedings and the District Court Case That Could Lead to Inconsistent Rulings If the Stay Is Lifted.

There will be *no overlapping issues* between this action and the remaining IPR proceedings if the stay is lifted.  Any simplification of issues has already been realized, as the '906 and '562 patents will be dropped from the case.  However, Petitioner did not assert the same arguments against the '943 patent because the invention claimed in the '943 patent is patentably distinct from the inventions claimed in the '906 and '562 patents.  As a result, the PTAB's conclusions as to the validity of the '906 and '562 patents have no bearing whatsoever on this Court's determination of infringement and validity of the '946 patent.

Recognizing that there would be no patents or claims before both the district court and the PTAB if Dafni dismisses its claims related to the '906 and '562 patents with prejudice, InStyler attempts to manufacture overlap between the '943 patent and the '906 and '562 patents.  For example, InStyler argues that the PTAB's construction of certain claim terms[3] in the '906 and '562 patents will create

---

[3] InStyler falsely asserted during the meet and confer process that the construction of five terms—"connected on top," "offset," "peripheral spacers," "face," and "undulating paths"—are at issue in the IPR proceedings for the '906 and '562 patents and will overlap with this district court litigation, should the stay be lifted.  To date, there is no indication that any of these terms are or were at issue for the '943 patent in either venue.  They were not at issue in the PTAB.  In the '906 patent's IPR,

inconsistencies with this Court's construction of those terms in the '943 patent.  But the IPR Petitioner was required to include any arguments regarding "how the challenged claim is to be construed" in its IPR petitions.  37 C.F.R. § 42.104(b)(3).  Rather than propose even a single construction for any term of the challenged claims of the '943, '906, or '562 patents, the IPR Petitioner took the position that ***"no claim terms require an express claim construction, and the terms should instead be given their ordinary and customary meaning.***"  *See* Ex. 2, *Ontel Products Corp. v. Guy A. Shaked Investments Ltd.*, No. IPR2020-01703, Paper 1 at 10 (PTAB Sept. 28, 2020); Ex. 3, *Ontel Products Corp. v. Guy A. Shaked Investments Ltd.*, No. IPR2020-01728, Paper 1 at 10 (PTAB Sept. 30, 2020) (emphasis added); Ex. 4, *Ontel Products Corp. v. Guy A. Shaked Investments Ltd.*, No. IPR2021-00052, Paper 1 at 11 (PTAB Oct. 9, 2020).  There will be no inconsistencies.

## B.   Decisions in This Judicial District Support Lifting the Stay.

Dafni is unaware of any court granting or continuing a stay in situations like the present, where there are ***no overlapping issues*** between the district court and IPR proceedings.  In fact, in opposing our request to stipulate to lift the stay, InStyler also was unable to identify any relevant authority to support its position that the stay should not be lifted.  The case InStyler cites to support its opposition to this motion, *Evolutionary Intel., LLC v. Livingsocial, Inc.*, 2014 WL 2735185 (N.D. Cal. June 16, 2014), is inapposite.[4]  There, the PTAB instituted IPR of one of two asserted patents, and the claims of the patent for which IPR was instituted remained subject to district court and PTAB review.  Here, Dafni would dismiss both the '906 and

---

Plaintiff disputed whether the prior art's insulating spacers are "dispersed on at least a part of the hairbrush's face" (as opposed to the heating elements) as recited in that patent's claim 18.  That feature is not recited in the '943 patent's claims.

[4] InStyler also mentioned *Sonics, Inc. v. Arteris, Inc.*, No. C 11-05311 SBA, 2013 WL 503091 (N.D. Cal. Feb. 8, 2013).  That case too is inapposite.  There, six of the seven asserted patents had claims that were subject to both PTAB and district court review.

'562 patents with prejudice, such that **none of the claims at issue in IPR would be before this Court** in the district court litigation.

In reality, the case law supports lifting the stay. For example, in *Game and Technology Co. Ltd. v. Blizzard Entertainment, Inc.*, a stay was in place pending IPR of the three asserted patents. Order Granting Pl.'s Mot. to Lift Stay, *Game & Tech. Co. Ltd. V. Blizzard Entm't, Inc.*, No. 2:16-cv-06499 (C.D. Cal. May 11, 2017), ECF No. 122 ("*Game & Tech.*"). After the PTAB denied institution of the petitions against two of the asserted patents and granted institution of the petition against the third asserted patent, the plaintiff filed an opposed motion to lift the stay. *Id.* Although plaintiff did not dismiss the patent that remained under the PTAB's review, and a third party filed a separate IPR challenging one of the patents that originally survived IPR, the Central District of California nonetheless **granted the plaintiff's motion to lift the stay**, explaining that the "PTAB's denials eliminate the basis for the current stay" concerning the two asserted patents that were denied institution. *Id.* at *5. Indeed, the fact that there remained some issues that overlapped between the district court and IPR proceedings did not weigh against lifting the stay.

   C.   **This Court's Order Entering the Stay Now Supports Lifting the Stay to Allow Dafni to Proceed on its Claims of Infringement of the '943 Patent and Design Patents.**

Further, the PTAB's decision to deny institution of the '943 patent petition and Dafni's agreement to voluntarily dismiss the '906 and '562 patents with prejudice eliminate the bases upon which this Court granted InStyler's opposed motion to stay. The Court found that "a stay will simplify the issues for this Court to resolve **because all of the claims in issue in this case for all three of the utility patents are subjects of the IPR petitions**, and IPR review could moot either all or some of Plaintiff's claims." (Dkt. 56) (emphasis added). This is no longer true. Because Dafni will dismiss the '906 and '562 patents with prejudice if the stay is lifted, only the claims of the '943 patent – which were considered and denied

institution by the PTAB – will be at issue if the stay is lifted.  Thus, there are no claims at issue that are subject to the PTAB's review.  Any simplification from the PTAB proceedings has already occurred, as Dafni has agreed to dismiss the two patents subject to PTAB review.

The Court also explained that "'even if all of the asserted claims survive review, the case would still be simplified because [defendant] would be limited in which arguments it could raise before this Court.'"  *Id.*  Again, this is no longer true. The statutory IPR estoppel is limited to the patent claims subject to the PTAB's post-institution final written decision.  *See* 35 U.S.C. § 315(e)(2).  Therefore, if any argument before the PTAB fails, InStyler will not be estopped from raising it against the '943 patent in this action.

Finally, this Court stated that "'it will benefit from the expert evaluation of the issues by the Patent Office.'"  *Id.*  The Court has the benefit of that expert evaluation for the '943 patent:  "Petitioner has not demonstrated a reasonable likelihood of prevailing with respect to at least one of the challenged claims" of the '943 patent.  *Ontel Products Corp. v. Guy A. Shaked Investments Ltd.*, No. IPR2020-01703, Paper 12 at 19 (PTAB Apr. 13, 2021).  The PTAB thus concluded its evaluation of the merits of the '943 patent petition.  And because there is no overlap between the two instituted patents and the '943 patent, the PTAB's evaluation of the '906 and '562 patent is of no moment here.

## II.  CONCLUSION

Because Dafni will dismiss the '906 and '562 patents with prejudice if the stay is lifted, there are no overlapping claims, patents, or common issues that would create inconsistencies between the PTAB and district court.  In view of the foregoing, there is no reasonable basis for maintaining a stay of this proceeding. InStyler cannot show otherwise, and the party seeking a stay bears the burden of showing that such a course is appropriate.  *See Game & Tech.* at 2-3 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).  Dafni therefore respectfully requests that

Case No. 2:19-cv-10593-AB-MAA
PLAINTIFFS' MOTION TO LIFT STAY

1   this Court lift the stay and allow the district court case to proceed on Dafni's claims

2   of infringement of the '943 patent and its two design patents.

3

4

5   Dated:  May 12, 2021                              LATHAM & WATKINS LLP

6                                                     By /s/ Michele D. Johnson

7                                                        Michele D. Johnson, Bar No. 198298
                                                         Michele.Johnson@LW.com
8                                                        650 Town Center Drive, 20th Floor
                                                         Costa Mesa, CA 92626-1925
9                                                        Tel:  +1.714.540.1235

10                                                       Michael A. Morin (*pro hac vice*)
                                                         Kevin C. Wheeler, Bar No. 261177
11                                                       Mike.Morin@LW.com
                                                         Kevin.Wheeler@LW.com
12                                                       555 Eleventh Street, N.W., Suite 1000
                                                         Washington, D.C.  20004-1304
13                                                       Tel:  +1.202.637.2200

14
                                                         Ann Marie Wahls (*pro hac vice*)
15                                                       Annmarie.Wahls@LW.com
                                                         330 N. Wabash, Suite 2800
16                                                       Chicago, IL 60611
                                                         Tel:  +1.312.876.7700
17
                                                         *Attorneys for Plaintiffs Guy A. Shaked*
18                                                       *Investments Ltd. and Dafni Hair*
                                                         *Products, Ltd.*
19

20

21

22

23

24

25

26

27

28